**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| DARRYL FULKS, individually and on behalf of all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AXIL BRANDS, INC.,<br><br>Defendant | Case No.:________________<br><br>(Thirteenth Judicial Circuit in Hillsborough County, FL Case No. 26-CA-001305)<br><br>NOTICE OF REMOVAL<br><br>[28 U.S.C. §§ 1331 and 1441(a); FEDERAL QUESTION JURISDICTION] |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant Axil Brands, Inc., ("Axil") hereby files this Notice of Removal of the action filed by Plaintiff, Darryl Fulks, on behalf of himself and others similarly situated (hereinafter "Plaintiff"), in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 26-CA-001305, to the United States District Court for the Middle District of Florida.

**JURISDICTION AND VENUE**

This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331. Removal to this Court is proper given that this civil action has been brought in a State court of which the district courts of the United States have original jurisdiction. *See* 28 U.S.C. § 1441(a). The United States District Court for the Middle District of Florida embraces the place this action is pending (i.e., Hillsborough County). Therefore, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

## I. <u>DESCRIPTION OF ACTION</u>

On or about February 4, 2026, Plaintiff initiated this putative class action against Axil in the Circuit Court within and for Hillsborough County. Axil was served on March 9, 2026. The Class Action Complaint ("CAC") for this instant action, captioned *DARRYL FULKS, individually and on behalf of all similarly situated persons v. AXIL BRANDS, INC.,* bearing case number Case No. 26-CA-001305, is attached hereto as Exhibit A.

Plaintiff alleges that he, and similarly situated individuals, experienced damages as a result of violations of the Telephone Consumer Protection Act of 1991 ("TCPA"). *See* Exhibit A at ¶ 4. Plaintiff has raised one cause of action pursuant to 47 U.S.C. § 227(c) alleging that text messages purportedly sent on behalf of Axil violated 47 C.F.R. § 64.1200(d) in his CAC. *See* Exhibit A at ¶¶ 39-54. Further, Plaintiff seeks declaratory and injunctive relief. *See* Exhibit A. Axil denies the allegations underlying Plaintiff's claims.

## II. <u>TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL</u>

Axil was served with Plaintiff's CAC on March 9, 2024. A notice of removal must be filed within thirty days of service of the initial pleading. *See* 28 U.S.C. § 1446(b)(1). Notice of removal in this matter must therefore be filed by April 8, 2024. Accordingly, Axil's Notice of Removal is timely.

## III. <u>FEDERAL QUESTION JURISDICTION</u>

Federal District Courts have subject-matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, §2, cl. 1. Federal courts have original jurisdiction where an action arises the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. A suit filed in state court may be removed to federal court under 28 U.S.C. § 1441(a) where the District Court would have original jurisdiction over the matter.

### a. Plaintiff's Claim Under the TCPA Raises a Federal Question

Whether the complaint presents a federal question is governed by the well-pleaded complaint rule, requiring that an issue of federal law must appear on the face of the complaint. *See Caterpillar Inc., et al. v. Williams, et al.*, 482 U.S. 386, 386 (1987). Plaintiff's CAC asserts one claim under Federal law, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d), in this TCPA putative class action.

As Plaintiff asserts claims arising under Federal law, this Court has original jurisdiction over this case. *See* 28 U.S.C. §§ 1331, 1441(a).

## IV. NOTICE TO ADVERSE PARTIES AND THE CIRCUIT COURT

As required by 28 U.S.C. 1446(d), promptly after filing this Notice, Axil will provide written notice of removal to Plaintiff and are filing a copy of this Notice with the Clerk of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

## V. CONCLUSION

WHEREFORE, without waiving any of its potential defenses or counterclaims, Axil respectfully removes this action from the Circuit Court of the Thirteenth Circuit in and for Hillsborough County, Florida, to this Court and respectfully requests that: this Court will consider this Notice of Removal as provided by the law governing removal of cases to this Court; that this Court will make the proper orders to achieve the removal of the State Court Action to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation of filing of a true record in this case of all proceedings that may have been had in the State Court Action.

[*Signature block and Certificate of Service on following page*]

Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

*/s/ Amanda Ruggieri*

Amanda Ruggieri (FL Bar No. 115805)
Sarah K. Adams (*Pro Hac Vice forthcoming*)
Laura Bertrand (*Pro Hac Vice forthcoming*)
512 E. Township Line Road, Suite 305
Blue Bell, PA 19422
Phone: (610) 567-0700 | Direct: (610) 213-0105
Email: aruggieri@c-wlaw.com
sadams@c-wlaw.com
lbertrand@c-wlaw.com

**COUNSEL FOR DEFENDANT AXIL BRANDS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I caused to be served a true and correct copy of the foregoing document by first class and/or electronic mail to Plaintiff's attorneys of record to the address below:

Rena A. Lerner
Mitchell D. Hansen
Zane C. Hedaya
Gerald D. Lane, Jr.
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Email: rena@jibraellaw.com
mitchell@jibraellaw.com
zane@jibraellaw.com
gerald@jibraellaw.com

**COUNSEL FOR PLAINTIFF**

*/s/ Amanda Ruggieri*
Amanda Ruggieri